UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**FARD ABDUR RAHMAN DICKERSON, #602702**     CIVIL ACTION

VERSUS                                        NO. 22-1157

**WARDEN EDWARD DUSTIN BICKHAM, ET AL.**     SECTION: "D"(3)

### REPORT AND RECOMMENDATION

Fard Abdur Rahman Dickerson, a state prisoner, filed this federal civil action pursuant to 42 U.S.C. § 1983.[1] He has sued Warden Edward Dustin Bickham and Judge Robin D. Pittman. In this lawsuit, plaintiff claims that (1) he is being illegally incarcerated at the Dixon Correctional Institute and (2) he was injured at that facility and needs a medical evaluation. As relief, he seeks compensatory and punitive damages.

Plaintiff filed this action *in forma pauperis*. Concerning such actions, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i)     is frivolous or malicious;
> (ii)    fails to state a claim on which relief may be granted; or

---

[1] In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. Accordingly, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

>   (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In addition, because plaintiff is incarcerated, he is also subject to the screening provisions of 28 U.S.C. § 1915A. That statute mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law similarly requires:

>   On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
>   (1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>   (2)   seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In determining whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the

allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (footnote, citation, and quotation marks omitted).

Although broadly construing the complaint,[2] the undersigned recommends that, for the following reasons, the claims against Judge Robin D. Pittman be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) and the claims against Warden Edward Dustin Bickham be severed and transferred to the United States District Court for the Middle District of Louisiana.

## I.  Claims Against Judge Robin D. Pittman

Although plaintiff lists Judge Robin D. Pittman as a defendant in his complaint,[3] he makes no factual allegations against her in the statement of his claim.[4]  However, it is noted that Judge Pittman presided over plaintiff's criminal proceedings in Case No. 505-789 in Orleans Parish Criminal District Court, in which he was convicted of simple burglary and sentenced as a second offender to an enhanced sentence of twelve years imprisonment, a judgment which was affirmed on direct appeal.  See State v. Dickerson, No. 2013-KA-0209, 2014 WL 1329873 (La. App. 4th Cir. Apr. 2, 2014), writ denied, 152 So. 3d 875 (La. 2014).[5]  Presumably, therefore, he is seeking to hold Judge Pittman liable under 42 U.S.C. § 1983 for her actions in that state criminal proceeding.  However, any such claim is barred.

---

[2] The Court must liberally construe a pro se civil rights complaint.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).
[3] Rec. Doc. 3, p. 3.
[4] Id.
[5] The Court notes that plaintiff previously challenged that state criminal judgment by filing a federal application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254; however, that federal application was dismissed with prejudice on the merits.  Dickerson v. Cain, Civ. Action No. 14-1247 "F"(5), 2015 WL 10323197 (E.D. La. Dec. 4, 2015), adopted, 2016 WL 687634 (E.D. La. Feb. 19, 2016), certificate of appealability denied, No. 16-30211, 2017 WL 6029095 (5th Cir. Apr. 6, 2017).

3

Any claim against Judge Pittman in her official capacity would in reality be a claim against the state itself and, as such, barred by the Eleventh Amendment. Rackley v. Louisiana, Civ. Action No. 07-504, 2007 WL 1792524, at *3 (E.D. La. June 21, 2007).

Additionally, any claim against Judge Pittman in her individual capacity is barred by her absolute judicial immunity. As was thoroughly explained by former United States Magistrate Judge Joseph C. Wilkinson in a Report and Recommendation subsequently adopted by United States District Judge Lance M. Africk:

> For more than one hundred years, judges have been held immune from liability for judicial acts done within their jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) (citing Bradley v. Fisher, 13 Wall. 335, 80 U.S. 335, 20 L.Ed. 646 (1871)); Mays v. Sudderth, 97 F.3d 107, 110 (5th Cir. 1996). "A judge, of whatever status in the judicial hierarchy, is immune from suit for damages resulting from any acts performed in [his or her] judicial role." Ammons v. Baldwin, 705 F.2d 1445, 1447 (5th Cir. 1983) (citations omitted); accord Mays, 97 F.3d at 110-11. This judicial immunity applies even if a judge is accused of acting maliciously or corruptly. Stump, 435 U.S. at 356-57; Pierson v. Ray, 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967), overruled in part on other grounds by Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), as recognized by Hill v. Shelander, 992 F.2d 714, 716 (7th Cir. 1993); Mays, 97 F.3d at 110-11. Judicial officers are absolutely immune from liability for damages unless they are without jurisdiction. Id. at 111; Dayse v. Schuldt, 894 F.2d 170, 172 (5th Cir. 1990); Freeze v. Griffith, 849 F.2d 172, 175 (5th Cir. 1988).
> In the past, however, judicial officers did not enjoy absolute immunity from suits seeking injunctive relief. Relief of that nature was available under Section 1983 against state court judges acting in their judicial capacity. Pulliam v. Allen, 466 U.S. 522, 541-42, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984). However, the Federal Courts Improvement Act of 1996 ("FCIA") amended Section 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. § 1983.
> The FCIA therefore statutorily overruled Pulliam's holding regarding the availability of injunctive relief against a state judge in his official capacity. Guerin v. Higgins, No. 00-0244, 2001 WL 363486, at *1 (2d Cir. 2001) (unpublished); Nollet v. Justices, 83 F.Supp.2d 204, 210 (D. Mass. 2000); see also Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000) (1996 amendment to Section 1983 limits the relief available against a federal judge to declaratory relief). Thus, neither injunctive relief nor damages are available in this Section 1983 action against [a

> state judicial officer]. Tesmer v. Granholm, 114 F.Supp.2d 603, 618 (E.D. Mich. 2000); Nollet, 83 F.Supp.2d at 210.
>
> Furthermore, to whatever extent, if any, that [a plaintiff] seeks an order … directing the judge to take action concerning [the] plaintiff's state court proceedings, a federal court has no power to direct a state court or its judicial officers in the performance of their duties when mandamus is the only relief sought. In re Campbell, 264 F.3d 730, 731 (7th Cir. 2001); Santee v. Quinlan, C.A. No. 96-3417, Record Doc. Nos. 3, 7, 8 (Nov. 5 & 27, 1996) (Duval, J.), aff'd, 115 F.3d 355, 356-57 (5th Cir. 1997); Russell v. Knight, 488 F.2d 96, 97 (5th Cir. 1973); Moye v. Clerk, 474 F.2d 1275, 1276 (5th Cir. 1973); Lamar v. 118th Judicial Dist. Court, 440 F.2d 383, 384 (5th Cir. 1971); White v. Stricklin, No. 3:02-CV-688-D, 2002 WL 1125747, at *2 (N.D. Tex. May 23, 2002); Norman v. Louisiana S.Ct., No. 01-2225, 2001 WL 881298, at *1 (E.D. La. Aug. 3, 2001) (Duval, J.). [A federal] court is without authority to order officials of the state court having jurisdiction over [a] plaintiff's criminal case to treat his claims in any particular way or to otherwise interfere with the rulings of its judges.

Hood v. Commissioner Foil, Civ. Action No. 15-5853, 2013 WL 6174614, at *3 (E.D. La. Nov. 21, 2013); accord Gemelli v. Louisiana, Civ. Action No. 19-13424, 2020 WL 3317033, at *6-7 (E.D. La. Apr. 29, 2020), adopted, 2020 WL 3297078 (E.D. La. June 18, 2020), appeal dismissed, No. 20-30426, 2021 WL 7953176 (5th Cir. Oct. 13, 2021).

Accordingly, plaintiff's § 1983 claims against Judge Pittman should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).

## II. Claims Against Warden Edward Dustin Bickham

Plaintiff's remaining claims are against Warden Edward Dustin Bickham. For the following reasons, those claims should be severed and transferred to the United States District Court of the Middle District of Louisiana for consideration.

"Even when venue is proper, a court may determine that, in the interest of justice, an action between multiple defendants should be severed and certain claims transferred to a more convenient forum." Cain v. New York State Board of Elections, 630 F. Supp. 221, 225 (E.D.N.Y. 1986); accord Wyndham Associates v. Bintliff, 398 F.2d 614, 618-19 (2d Cir. 1968); McCorvey v. Prison Transport Services of America, LLC, Civ. Action No. 16-16993, 2017 WL 2270024, at *3 (E.D.

5

La. Apr. 25, 2017), adopted, 2017 WL 2256778 (E.D. La. May 23, 2017); Baez v. Ranjan, No. 9:16-CV-0661, 2016 WL 3566862, at *4 (N.D.N.Y. June 27, 2016).  As the court explained in Cain:

> A claim may be severed based upon lack of a significant relationship between defendants or solely for the purpose of facilitating transfer.  Where the administration of justice would be materially advanced by severance and transfer, a court may properly sever the claims against one or more defendants for the purpose of permitting the transfer of the action against other defendants.

Cain, 630 F. Supp. at 225-26; accord Wyndham Associates, 398 F.2d at 618; McCorvey, 2017 WL 2270024, at *3; Baez, 2016 WL 3566862, at *4.

Bickham is the Warden of the Dixon Correctional Institute.  That facility is located in Jackson, Louisiana, in East Feliciana Parish, which is within the geographical boundaries of the United States District Court for the Middle District of Louisiana.  28 U.S.C. § 98(b).  Because plaintiff's claims against Bickham arise from events or omissions which allegedly occurred at that facility, because both plaintiff and Bickham are located in East Feliciana Parish, and because the relevant witnesses and evidence pertaining to those claims will presumably also be located in East Feliciana Parish, it will be more convenient and less expensive for the parties to litigate those claims in the Middle District.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's claims against Judge Robin D. Pittman in her official capacity be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction pursuant to the Eleventh Amendment.

It is **FURTHER RECOMMENDED** that plaintiff's claims against Judge Pittman in her individual capacity be **DISMISSED WITH PREJUDICE** as frivolous, for failing state a claim

6

on which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief.

It is **FURTHER RECOMMENDED** that the claims against Warden Edward Dustin Bickham be severed and transferred to the United States District Court for the Middle District of Louisiana.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this ___1st___ day of June, 2022.

_____<br>
**DANA M. DOUGLAS**<br>
**UNITED STATES MAGISTRATE JUDGE**