# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**FARD ABDUR RAHMAN DICKERSON, #602702**    **CIVIL ACTION**

**VERSUS**    **NO. 22-1157**

**WARDEN EDWARD DUSTIN BICKHAM, ET AL.**    **SECTION D (3)**

## ORDER AND REASONS

The Court, having considered *de novo* Plaintiff Fard Abdur Rahman Dickerson's, 42 U.S.C. § 1983 complaint,[1] the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge,[2] and the failure of the Plaintiff to file any objection to the Magistrate Judge's Report and Recommendation,[3] hereby approves the Report and Recommendation and adopts it as its opinion in this matter. In doing so, the Court notes that it has construed Plaintiff Fard Abdur Rahman Dickerson's *pro se* pleading liberally.[4]

**IT IS HEREBY ORDERED** that Plaintiff's 42 U.S.C. § 1983 claims alleged in the Complaint[5] against Judge Robin D. Pittman in her individual capacity are **DISMISSED WITH PREJUDICE** and claims against Judge Pittman in her official capacity are **DISMISSED WITHOUT PREJUDICE** for the reasons stated in the Report and Recommendation.

---

[1] R. Doc. 3.
[2] R. Doc. 6.
[3] Objections were due June 16, 2022. Because Plaintiff is proceeding *pro se*, the Court has allowed additional time for objections. None have been filed as of the date of this Order.
[4] *See Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019).
[5] R. Doc. 3.

The Court next turns to the Magistrate Judge's recommendation that Plaintiff's remaining claims against Warden Edward Dustin Bickham, Warden of Dixon Correctional Institute, should be severed and transferred to the United States District Court of the Middle District of Louisiana. Plaintiff's main complaint appears to be that a "ceiling fan blade hit the offender in the head while sitting on his bed. Now seeing dark spots and my neck got a crook and hurts. Need a MRI for head injury."[6] Plaintiff further advises that the head injuries happened at Dixon Correctional Institute.[7] As noted in the Report and Recommendation, courts have held that "Even when venue is proper, a court may determine that, in the interest of justice, an action between multiple defendants should be severed and certain claims transferred to a more convenient forum."[8] Dixon Correctional Institute is located in Jackson, Louisiana, in East Feliciana Parish, which is within the geographical boundaries of the United States District Court for the Middle District of Louisiana.[9] The Court agrees with the Magistrate Judge's analysis that, "Because Plaintiff's claims against Warden Bickham arise from events or omissions which allegedly occurred at Dixon Correctional Institute, because both Plaintiff and Warden Bickham are located in East Feliciana Parish, and because the relevant witnesses and evidence pertaining to those claims will presumably also be located in East Feliciana Parish, it will be more convenient and less expensive for the parties to litigate those claims

---

[6] R. Doc. 3.
[7] *Id.*
[8] *McCorvey v. Prison Transport Services of America, LLC*, Civ. Action No. 16-16993, 2017 WL 2270024, at *3 (E.D. La. Apr. 25, 2017), adopted, 2017 WL 2256778 (E.D. La. May 23, 2017) (citing additional authorities).
[9] 28 U.S.C. § 98(b).

in the Middle District."[10] Additionally, the Court notes that it appears that Plaintiff is seeking medical treatment which will likely take place within East Feliciana Parish. Accordingly,

**IT IS FURTHER ORDERED** that Plaintiff's 42 U.S.C. § 1983 claims against Warden Edward Dustin Bickham are **SEVERED** and **TRANSFERRED** to the United States District Court for the Middle District of Louisiana for the reasons stated in this Order as well as in the Magistrate Judge's Report and Recommendation.[11]

New Orleans, Louisiana, June 30, 2022.

*[signature: Wendy B. Vitter]*
**WENDY B. VITTER**
**United States District Judge**

---

[10] R. Doc. 6.
[11] *Id.*