## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**FARD ABDUR RAHMAN DICKERSON (#602702)**  CIVIL ACTION NO.

**VERSUS**  22-441-SDD-EWD

**EDWARD DUSTIN BICKHAM**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 24, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**FARD ABDUR RAHMAN DICKERSON (#602702)**    **CIVIL ACTION NO.**

**VERSUS**    **22-441-SDD-EWD**

**EDWARD DUSTIN BICKHAM**

## MAGISTRATE JUDGE'S REPORT, RECOMMENDATION, AND ORDER

Before the Court is the Complaint, as amended, of Fard Abdur Rahman Dickerson ("Dickerson"), who is representing himself and who is confined at the Dixon Correctional Institute ("DCI") in Jackson, Louisiana.[1] Pursuant to the screening mandated by 28 U.S.C. §§ 1915(e) and 1915A, it is recommended that Dickerson's remaining claims in this case be dismissed with prejudice for failure to state a claim, as the claims are barred by *Heck v. Humphrey*.[2]

### I.    BACKGROUND

Dickerson originally filed this suit against Edward Dustin Bickham ("Bickham") and Robin D. Pittman ("Pittman") in the Eastern District of Louisiana alleging violations of his constitutional rights under 42 U.S.C. § 1983.[3] All claims against Pittman were dismissed, and the claims against Bickham were severed and transferred to this Court.[4] This Court then further severed improperly cumulated claims against Bickham, including claims for deliberate indifference to a serious medical need and conditions of confinement claims, so all that remains in this case is Dickerson's claim against Bickham for alleged illegal incarceration.[5] Dickerson seeks monetary relief.[6]

---

[1] R. Docs. 1 & 3.
[2] 512 U.S. 477 (1994).
[3] R. Doc. 1.
[4] R. Docs. 6 & 7.
[5] R. Doc. 14.
[6] R. Doc. 3, p. 4.

**II.    LAW & ANALYSIS**

    **A.  Standard of Review**

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss a claim by a prisoner against a governmental entity or an officer or employee of a governmental entity, or by any other plaintiff who has been granted IFP status, if the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.[7]  The statutes impose similar standards for dismissal and are intended to give the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact.  Dismissal may be made before service of process or before any defendant has answered if the court determines that the claim or action does not pass the screening process.

To determine whether a complaint fails to state a claim under §§ 1915(e) and 1915A, courts apply the same standard used for dismissal under Fed. R. Civ. Proc. 12(b)(6).[8]  Accordingly, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[9]  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[10]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11]  For a complaint to survive

---

[7] §1915(e) provides for dismissal of claims that are frivolous, malicious, or fail to state a claim where the plaintiff was granted leave to proceed *in forma pauperis* ("IFP"). §1915A provides for dismissal of claims by prisoners against a governmental entity or employee of a governmental entity for the same reasons regardless of the pauper status of the plaintiff.  Dickerson was granted IFP status on January 19, 2023, so both statutes apply.  R. Doc. 13.
[8] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6)).
[9] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[11] *Id.*

dismissal, it "must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim."[12]

While the screening process does give the court the rare power to 'pierce the veil' of the factual allegations,[13] pleaded facts that are merely improbable or strange are not frivolous for purposes of screening.[14] A claim is factually frivolous only if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[15] A claim is also subject to dismissal if it has no legal basis, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[16]

### B. Dickerson Cannot State a Claim Arising from His Alleged Illegal Incarceration

Dickerson claims he is being illegally incarcerated and seeks monetary damages from Bickham, who is alleged to be the Warden at DCI.[17] Specifically, Dickerson alleges "illegal incarceration" because "New Legislation applies to me House Bill 603 that requires a Bill of Info. And U.C.O. to be in prison."[18] In *Heck v. Humphrey*,[19] the Supreme Court held that a claim that effectively attacks the constitutionality of conviction or imprisonment cannot be brought under § 1983 unless and until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*."[20] Dickerson's claims attack the constitutionality of his imprisonment due to lack of a bill of information and uniform

---

[12] *AGEM Management Services, LLC v. First Tennessee Bank Nat. Ass'n*, 942 F.Supp.2d 611, 617 (E.D. La. April 25, 2013), citing *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 255-57 (5th Cir. 2009).
[13] *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).
[14] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[15] *Denton*, 504 U.S. at 33, citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[16] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[17] R. Doc. 3, pp. 3-4.
[18] R. Doc. 3, p. 3.
[19] 512 U.S. 477 (1994).
[20] *Id.* at 486-87. *See also*, *Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995).

commitment order (UCO), but Dickerson does not allege that his conviction or sentence has been reversed, expunged, declared invalid, or called into question in any way.[21] To the contrary, the allegations and attachments to Dickerson's Complaint indicate that his conviction has not been called into question.[22] Accordingly, Dickerson's federal claims against Bickham for alleged unlawful incarceration are barred at this time.

### C.  Exercise of Supplemental Jurisdiction Should be Declined

To the extent that Dickerson seeks to have the Court exercise supplemental jurisdiction over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[23] Having recommended that Dickerson's federal claims against Bickham for illegal incarceration be dismissed for failure to state a claim as those claims are *Heck* barred, it is further recommended that the exercise of supplemental jurisdiction be declined.

### RECOMMENDATION

**IT IS RECOMMENDED** that this Court decline the exercise of supplemental jurisdiction over Fard Abdul Rahman Dickerson's potential state law claims, that Dickerson's remaining

---

[21] R. Doc. 3, pp. 3-4.  At the state court hearing on Dickerson's Petition for Habeas Corpus, Ashley Bradley, an employee of DCI who calculates offenders' time, testified that, while there was no UCO from Orleans Parish, there were sentencing minutes which were used to calculate Dickerson's sentence.  R. Doc. 3-2, pp. 10-12.  Bradley also testified that DOC rarely receives UCOs from Orleans Parish.  R. Doc. 3-2, pp. 10-11.  Counsel for the State also argued at the hearing that La. Code Crim. Proc. art. 892 states that failure to comply with its provisions (*i.e.,* failure to provide a UCO) does not affect the validity of the prosecution, conviction, or sentence.  R. Doc. 3-2, p. 16.
[22] *See* R. Doc. 3-2, p. 15.  Dickerson asks the state court at the hearing on his Petition for Habeas Corpus whether he can be released because there is no UCO for his conviction in Orleans Parish.  The Court tell him, "No, Sir.  You may not." *See Lewis v. Guillot*, 583 Fed. Appx. 332, 333 (5th Cir. 2014) citing, *Collins v. Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 1999) (in making a determination regarding whether a complaint fails to state a claim under 28 U.S.C. § 1915(e)(2)(b), the court is permitted to consider attachments to the complaint).
[23] 28 U.S.C. § 1367.

federal claims in this suit against Edward Bickham for alleged illegal incarceration be **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A, as those claims are *Heck* barred, and that this case be **CLOSED**.[24]

### ORDER

Considering the recommendation of dismissal for all remaining claims in this case, **IT IS ORDERED** that the Motion for Evidentiary Hearing[25] and Motion for Summary Judgment,[26] filed by Plaintiff Fard Abdur Rahman Dickerson, are **DENIED**, without prejudice to reurging if the recommendation for dismissal is not adopted.

**IT IS FURTHER ORDERED** that the Motion to Expedite Evidentiary Hearing[27] is **DENIED AS MOOT**.

Signed in Baton Rouge, Louisiana, on February 24, 2023.

*[signature]*
**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[24] Dickerson is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Should this Report and Recommendation be adopted, the Ruling in this matter will constitute a strike.
[25] R. Doc. 9.
[26] R. Doc. 12.
[27] R. Doc. 11.